RECEIVED
IN ALEXANDRIA, LA
SEP 07 2010
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**KEVIN MORRIS (LA.DOC.#352802)**      DOCKET NO. 10-CV-1176; SEC. P

**VERSUS**                              JUDGE DEE D. DRELL

**WARDEN TIMOTHY WILKINSON**            MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Kevin Morris filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. Section 2254 on July 9, 2010. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC), and he is incarcerated at the Winn Correctional Center in Winnfield, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Background*

Petitioner states that he was convicted of aggravated battery on December 12, 1994, in Louisiana's Tenth Judicial District Court, Natchitoches Parish. He was sentenced to five years of incarceration. Petitioner did not appeal. Petitioner was released on May 20, 1999, after completing his sentence with the Department of Corrections.

On November 16, 2002, Petitioner was taken into custody on new and unrelated charges. He was apparently convicted and is serving a new sentence in the custody of the DOC.

Petitioner claims that, with regard to the 1994 sentence, he should have been eligible for and received good time. Had he received good time, his release date *would have been* May 17, 1997 instead of May 20, 1999. He now seeks to receive credit against his *current sentence* for the good time that he did not receive back in 1994.[1]

## *Analysis*

An application for a *writ of habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant. The exhaustion requirement reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. See Moore v. Quarterman, 491 F.3d 213, 220 (5th Cir. 2007)(quoting Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003)).

To satisfy the exhaustion requirement, the habeas petitioner must have fairly presented the substance of his federal habeas corpus claims to the highest state court. Vasquez v. Hillery, 474

---

[1] Apparently, Petitioner was not eligible for good time pursuant to La. R.S. 15:571.3(D), which prohibits an offender convicted of his second crime of violence from benefitting from "good time."

2

U.S. 254, 257-58 (1986); Morris v. Dretke, 413 F.3d 484, 491 (5th Cir.2005). Thus, a habeas corpus petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court. *Here, Petitioner admits that he has not exhausted available State court remedies.* He did not even complete the administrative review process before proceeding in this Court.

Moreover, a state prisoner seeking federal court review of his conviction pursuant to Title 28 U.S.C. Section 2254 must assert a violation of a federal constitutional right. See Lawrence v. Lensing, 42 F.3d 255, 258 (5th Cir. 1994); Gray v. Lynn, 6 F.3d 265, 268 (5th Cir. 1993); and Lowery v. Collins, 988 F.2d 1364, 1367 (5th Cir. 1993). **Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented.** See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Pemberton v. Collins, 991 F.2d 1218, 1223 (5th Cir. 1993), cert. denied 510 U.S. 1025. This Court does *not* review a state prisoner's federal habeas corpus petition to determine whether the state appellate courts correctly construed and applied **state law.** See Estelle v. McGuire, 502 U.S. at 67-68; Lewis v. Jeffers, 497 U.S. at 780; Pulley v. Harris, 465 U.S. at 41. Insofar as Petitioner argues that state

3

officials failed to provide him with good time credits on his state sentence in or around 1997 due to applicable state law, that claim presents only an issue of state law. See Estelle v. McGuire, 502 U.S. at 67-68; Lewis v. Jeffers, 497 U.S. at 780.

Finally, Petitioner is seeking to earn good time on a long since expired sentence. In fact, he would like to take that good time, which he believes he should have received on the expired sentence, and apply it to his current state sentence, which was imposed some eight years later. Petitioner's Habeas petition attacking an expired conviction does not state a cognizable legal claim. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001).

## *Conclusion*

For all of the forgoing reasons, IT IS RECOMMENDED that the petition be **DENIED AND DISMISSED**.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

September 7, 2010

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE